In re Donald A. MARCOTTE, Debtor.

National City Bank of
Michigan/Illinois,
Plaintiff,

v.

Donald Marcotte, Defendant.

Bankruptcy No. 01–91667.
Adversary No. 01–9070.

United States Bankruptcy Court,
C.D. Illinois.

March 13, 2002.

Jeffrey A. Grotevant, Kankakee, IL, for debtor.

Julie Beyers, Nancy M. Handegan, Decatur, IL, for creditor.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on an Amended Motion for Summary Judgment filed by the Plaintiff, National City Bank of Michigan/Illinois (National City Bank), and Response to Amended Motion for Summary Judgment filed by the Debtor/Defendant; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in bankruptcy by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

See: *Donald v. Polk County*, 836 F.2d 376 (7th Cir.1988).

The United States Supreme Court has issued a series of opinions which encourage the use of summary judgment as a means of disposing of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute." *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374 (7th Cir.1987). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson, supra,* at 2514. There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party. *See: Matsushita, supra,* at 587, 106 S.Ct. 1348. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson, supra,* at 250, 106 S.Ct. 2505.

The material facts in this matter are not in dispute. The Debtor/Defendant, Donald A. Marcotte, is indebted to Plaintiff, National City Bank, on two Promissory Notes. One of the Promissory Notes is dated March 13, 1997, in the original principal amount of $40,000, and a second Promissory Note is dated April 9, 1999, in the original amount of $105,000. Both of the Promissory Notes upon which the Debtor/Defendant is indebted are covered by an Agricultural Security Agreement, dated April 9, 1999, which, by its terms, granted Plaintiff, National City Bank, a security interest in Debtor/Defendant's crops and equipment. During the year 2000 growing season, the lending relationship between Plaintiff, National City Bank, and the Debtor/Defendant ended, and, on

September 18, 2000, National City Bank filed suit against the Debtor/Defendant in the Circuit Court of Kankakee County, Kankakee, Illinois, seeking recovery under the two aforementioned Promissory Notes and the Agricultural Security Agreement. This State Court lawsuit resulted in a judgment against the Debtor/Defendant in the amount of $38,095.93, together with an Order of Replevin directing that the Debtor/Defendant return collateral covered by the Agricultural Security Agreement, including crops and equipment. Prior to Plaintiff, National City Bank, taking appropriate steps to enforce its Judgment Order and Order of Replevin, the Debtor/Defendant filed for relief under Chapter 7 of the Bankruptcy Code, and the Plaintiff filed the instant adversary proceeding seeking to have the debt owed it, in the amount of $38,095.93, to be determined nondischargeable in the Debtor/Defendant's bankruptcy proceeding.

The Debtor/Defendant, Donald A. Marcotte, gave a deposition in this matter on September 11, 2001, at which time he indicated that the year 2000 was the last year that he planted and harvested a crop. Debtor/Defendant indicated that, at the time he quit farming, he only owned one piece of equipment, namely a grain drill which was sold at an auction in St. Anne, Illinois, in approximately March or April 2000, for $1,750. Debtor/Defendant received the sum of $1,750 from the sale of the grain drill, which he used to pay for living expenses. Debtor/Defendant admitted that, at the time he sold the grain drill, he was aware that suit had been filed against him in Kankakee County, Illinois, by the Plaintiff, National City Bank, and that the grain drill was collateral on the indebtedness to the Bank. As such, the Debtor/Defendant did not deny that his debt to National City Bank, to the extent of $1,750, which he received from the sale

of the grain drill, was nondischargeable in bankruptcy.

The facts adduced from the deposition testimony of the Debtor/Defendant, Donald A. Marcotte, and his father, Alfred Marcotte, further indicated that the year 2000 was the last year that the Debtor/Defendant farmed, because National City Bank had indicated that it would not loan him any more money. The Debtor/Defendant was aware of this fact at the time his 2000 crop was harvested. The facts are undisputed that the Debtor/Defendant's father, Alfred Marcotte, actually harvested the Debtor/Defendant's 2000 crop with the help of the Debtor/Defendant. The evidence further indicates that the Debtor/Defendant's father took the crop to the elevator for sale rather than the Debtor/Defendant, and that Alfred Marcotte received all of the proceeds from the year 2000 crop, which he then paid directly over to the Debtor/Defendant. None of the proceeds from the year 2000 crop were paid to National City Bank, even though the Debtor/Defendant admits that he was aware of the Agricultural Security Agreement with the Bank, claiming as collateral Debtor/Defendant's 2000 crop. The evidence further indicates that, in the year 1999, when the Debtor/Defendant harvested and delivered his crop to the elevator, checks for the crop were made jointly payable to the Debtor/Defendant and to Plaintiff, National City Bank. Whereas, in the year 2000, crops were delivered by the Debtor/Defendant's father, with the proceeds being paid directly to Debtor/Defendant's father and then transferred to the Debtor/Defendant.

In its Complaint to Determine Dischargeability Under Section 523(a)(2), filed on September 21, 2001, the Plaintiff clearly alleges, in paragraphs 7 through 12, that the Debtor/Defendant knowingly converted collateral of the Plaintiff into cash, and

then used that cash for his own purposes. Such an action of conversion has been held to result in a nondischargeable debt pursuant to the provisions of 11 U.S.C. § 523(a)(6), which states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—. . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

The Plaintiff has the burden of proof by a preponderance of the evidence to show that the debt in question is nondischargeable under 11 U.S.C. § 523(a)(6). *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the U.S. Supreme Court has addressed a split in the Circuit Courts regarding the proper interpretation of the term "willful" under § 523(a)(6). The Court found that debts caused by negligent reckless conduct are dischargeable, whereas debts arising from intentional torts are not dischargeable. In reaching this holding, the Supreme Court noted: "Intentional torts generally require that the actor intend the consequences of an act, not simply the act itself." While the Supreme Court addressed the definition of the term "willful," it did not define the intent necessary to constitute willful conduct. This Court finds that the intent necessary to constitute willful conduct was aptly defined in the case of *In re Cox*, 243 B.R. 713 (Bankr.N.D.Ill.2000), in which the Court found that a debt would be nondischargeable under § 523(a)(6), where a creditor demonstrated by a preponderance of the evidence either that the debtor desired to cause the injury complained of, or that the debtor believed that harmful consequences were substantially certain to result from the debtor's acts. The *Cox* Court further went on to reiterate the long standing definition of "malicious injury" as being one under which the debtor acts with a conscious disregard of one's duties or acts without just cause or excuse. *See: In re Thirtyacre*, 36 F.3d 697 (7th Cir. 1994). The *Cox* Court further went on to state that maliciousness does not require ill will or specific intent to do harm. *In re Arlington*, 192 B.R. 494 (Bankr.N.D.Ill. 1996).

In examining the undisputed facts in this case, the Court finds that the Plaintiff has shown, by a preponderance of the evidence, that the Debtor/Defendant's act of selling a grain drill and of disposing of his year 2000 crop, while failing to pay any of the proceeds to the Plaintiff, resulted in a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6). It is clear that, at the time of the Debtor/Defendant's actions in the year 2000, he was aware that the Plaintiff claimed a perfected security interest in his machinery and crops, and that his actions in liquidating those items without paying any of the proceeds to the Plaintiff Bank resulted in a substantial certainty that the Bank would be harmed. The Debtor/Defendant has offered no just cause or excuse for his actions, and, thus, the entire amount of the April 30, 2001, State Court judgment against the Debtor/Defendant, in the amount of $38,095.93, must be found to be nondischargeable in this Chapter 7 Bankruptcy proceeding.